10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# -BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

SEP 2 5 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| EDWARD KENT LA FONTAINE<br>TDCJ #873197,<br>    Plaintiff-Petitioner,<br><br>VS.<br><br>OMAR LUCIO, SHERIFF, MAJ.<br>MIKE LEINHART, LT.<br>GONZOLAZE, AND SGT. JEANIE<br>TREVINO,<br>    Defendants-Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | MISCELLANEOUS NO. B-00-032 |

## FINAL ORDER

Edward Kent LaFontaine ("LaFontaine"), a prisoner proceeding *pro se* and *in forma pauperis*

filed this civil rights complaint (Docket No. 1) under 42 U.S.C. § 1983. For the reasons explained

below, LaFontaine's complaint is dismissed.

### DISCUSSION

Because LaFontaine is proceeding *in forma pauperis,* his complaint is subject to *sua sponte*

dismissal. Under 28 U.S.C.A. § 1915(e)(2)(B) (2001), a court may dismiss a prisoner's civil action

at any time if the court finds that the action "(i) is frivolous or malicious; (ii) fails to state a claim

upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous" embraces not only inarguable legal

conclusions, but also fanciful factual allegations. *Id.* A complaint fails to state a claim upon which

relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief. *Smith v. Winter*, 782 F.2d 508, 511-12 (5th

Cir. 1986).

**A.      *LaFontaine failed to exhaust the available administrative remedies.***

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to invoke "such administrative remedies as are available" in the prison, without regard to whether the grievance procedure affords money damage relief, before he may file suit contesting prison conditions in federal court. 42 U.S.C.A. § 1997e(a) (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (quoting *Booth v. Churner*, 531 U.S. 956, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). It is apparent from LaFontaine's complaint form that he did not exhaust all the available administrative remedies. The form inquired whether he exhausted both steps of the grievance procedure instituted by the prison. LaFontaine answered "no" and indicated "refused Step II." Furthermore, LaFontaine did not attach a copy of the Step Two grievance with the response supplied by the prison system. The PLRA requires LaFontaine to exhaust his available remedies. His failure to pursue the Step Two grievance procedure prevents him from pursuing his federal lawsuit at this time. Consequently, LaFontaine's complaint should be summarily dismissed.

**B.      *LaFontaine did not suffer a constitutionally cognizable injury***

Qualified immunity protects government officials who perform discretionary functions from liability "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001) (quoting *Gibson v. Rich*, 44 F.3d 274, 276 (5th Cir. 1995)). The qualified immunity analysis is a two-step process. First, a court must determine whether the plaintiff has alleged the violation of a constitutional right. *Id.* Second, if the plaintiff has alleged a constitutional violation, the court must decide if the conduct was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. *Id.* "The touchstone of this inquiry is whether a reasonable person

CutePDF - www.fanlzz.com

would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Id.* (quoting *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000). This means that even law enforcement officials who reasonably but mistakenly commit a constitutional violation are entitled to immunity. *Id.* (relying on *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)).

LaFontaine's allegations against the officers amount to an excessive use of force claim. To succeed on an excessive force claim, a plaintiff bears the burden of showing (1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively reasonable. *Glenn*, 242 F.3d at 314. In *Hudson*, the Supreme Court stated that the core judicial inquiry whenever prison officials stand accused of using excessive physical force is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The extent of injury suffered by an inmate is one factor that may suggest whether the use of force was wanton and unnecessary in violation of the Eighth Amendment's prohibition against cruel and unusual punishment; however, the absence of serious injury does not end the Eighth Amendment inquiry. *Id.* at 7. What is necessary to show sufficient harm is contextual and responds to "contemporary standards of decency." *Id.* at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation. *Id.* at 9 (relying on *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), and *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). When prison officials maliciously and

sadistically use force to cause harm, contemporary standards of decency are always violated. *Id.* This is true whether or not significant injury is evident. *Id.* However, not every malevolent touch by a prison guard gives rise to a federal cause of action. *Id.*

> The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers" violates the [Eighth Amendment]. . . . [The] "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

*Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* use of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10.

In determining whether an Eighth Amendment excessive force claim is established, the relevant factors are: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Gomez v. Chandler* 163 F.3d 921, 923 (5th Cir. 1999). The Fifth Circuit appears to require at least *some* physical injury as an indispensable element of an Eighth Amendment excessive force claim. *See e.g., Gomez*, 163 F.3d at 924; *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993); *Knight v. Caldwell*, 970 F.2d 1430, 1432-33 (5th Cir. 1992). While a *de minimis* injury does not establish a constitutionally cognizable claim, there is no categorical requirement that the physical injury be significant, serious, or more than minor. *Gomez*, 163 F.3d at 924.

This Court first notes that LaFontaine failed to describe in his "Statement of Claim" section of his complaint how each defendant was involved as required by the instructions on the form. In

fact, to establish his excessive force claim, LaFontaine only alleges that "two unknown deputies" handcuffed and shackled him and dragged him to a cell that had no urinal or water. LaFontaine has not made any claim that further discovery would lead to the reasonable discovery of the identities of these two deputies.

Moreover, contrary to the Fifth Circuit's position requiring *some* injury, LaFontaine has not alleged that he suffered any physical injury as a result of being handcuffed, shackled, and taken to a cell. The use of shackles and handcuffs are restraints commonly used on inmates. *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). There is no right against being handcuffed or restrained. *See Peters v. City of Biloxi*, 57 F.Supp.2d 366, 374 (S.D. Miss. 1999). Numerous courts have held that allegations of being handcuffed and verbally abused fall short of a valid claim of excessive force under § 1983. *See Davenport v. Rodriguez*, 147 F.Supp.2d 630, 637 (S.D. Tex. 2001); *Peters*, 57 F.Supp.2d at 374. The use of restraining devices constitutes a rational security measure and cannot be considered cruel and unusual punishment unless great discomfort is occasioned deliberately as punishment or mindlessly, with indifference to the prisoner's humanity. *Jackson v. Cain*, 864 F.2d 1235, 1243 (5th Cir. 1989). LaFontaine has not made any allegations that the officers acted deliberately or mindlessly. Furthermore, in light of the facts and circumstances, the absence of any injury demonstrates that LaFontaine's claim is *de minimis* and not sufficient to establish the violation of a constitutional right. These facts do not rise to the level of cruel and unusual punishment.

**C.      *LaFontaine's allegations of verbal abuse based on his race are not sufficient to constitute an equal protection claim.***

While LaFontaine does not include allegations of verbal abuse in the "Statement of Claim" section of his complaint, LaFontaine contends in another part of his complaint that while he was dragged to his cell, the officers made statements alluding to the murder of a black man by a group

of white men that occurred in Jasper, Texas a few years ago. While LaFontaine does not explicitly allege that this constituted racial harassment, LaFontaine appears to raise such a claim by stating that "[b]oth [officers] were Mexican, I am White."

The Equal Protection Clause directs that person similarly situated should be treated alike. *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). To state a claim under the Equal Protection Clause, LaFontaine must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class. *Id.* The Fifth Circuit has been hesitant to conclude that the use of racial epithets alone are sufficient to assert a cause of action under the Fourteenth Amendment. *Id.* at 706. An officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, does not amount to an equal protection violation. *Id.* The question in the equal protection context is not just whether the conduct is racially motivated but also whether that action deprives a person of "equal protection of the laws." *Id.*

As discussed in the previous section, LaFontaine was not deprived of any right by being restrained and taken to his cell. LaFontaine does not allege that he was harassed or that the conduct of the officers deprived him of any established rights. Because LaFontaine can only show that being restrained constituted a *de minimis* injury at best, the officer's remarks regarding the Jasper murder are not sufficient to establish an equal protection violation.

CONCLUSION

LaFontaine has failed to exhaust his administrative remedies prior to filing this action. Further, LaFontaine has not established that he suffered an injury that is constitutionally cognizable as a result of being restrained and taken to his cell. Moreover, his allegations regarding the remarks made by the officers do not amount to a claim that he was denied equal protection of the laws because he is white. IT IS **ORDERED** that prisoner Edward Kent LaFontaine's civil rights

complaint under 42 U.S.C. § 1983 be **DISMISSED**.

DONE at Brownsville, Texas, this 24th day of September, 2001.

Filemon B. Vela
United States District Judge