15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

DEC 0 6 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| EDWARD KENT LAFONTAINE, TDCJ # 873197, | § § § | |
| Plaintiff-Petitioner, | § § | |
| VS. | § § | MISCELLANEOUS NO. B-00-032 |
| OMAR LUCIO, SHERIFF, MAJ. MIKE LEINHART, LT. GONZOLAZE, AND SGT. JEANIE TREVINO, | § § § § § | |
| Defendants-Respondents. | | |

ORDER

Edward Kent LaFontaine ("LaFontaine") filed a notice of appeal (Docket No. 12) of the dismissal of his civil rights complaint under 42 U.S.C. § 1983. In the order dated October 22, 2001, (Docket No. 13), Magistrate Judge John Wm. Black gave LaFontaine twenty days to decide whether he wanted to proceed with his appeal and ordered that he submit "an affidavit that includes a statement of all assets [he] possesses [and] that [he] is unable to pay such fees or give security therefor [and further stating] the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). LaFontaine was also required to submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint so that the Court could determine how the $150 filing fee will be paid. 28 U.S.C. § 1915(a)(2).

This Court may dismiss the case at any time if satisfied that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant

who is immune from such relief. *See* 28 U.S.C. § 1915(e). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989). Furthermore, an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3).

LaFontaine's civil rights action under 42 U.S.C. § 1983 was dismissed for failure to exhaust administrative remedies. The Court further considered the merits of LaFontaine's complaint and held that he nonetheless suffered no constitutionally cognizable injury. LaFontaine's claim has no realistic chance of ultimate success.

Moreover, despite the twenty-day deadline, LaFontaine has neither submitted an affidavit that this Court deems statutorily sufficient nor submitted a certified copy of his inmate trust fund account statement in order to proceed with his appeal.

For the foregoing reasons, it is hereby ORDERED that leave to proceed *in forma pauperis* is denied. It is further ORDERED that this complaint is dismissed pursuant to 28 U.S.C. § 1915(e).

I hereby certify that any appeal of this order would not be in good faith pursuant to 28 U.S.C. § 1915(a)(3).

DONE at Brownsville, Texas, on this the ___5th___ of December, 2001.

Filemon B. Vela
United States District Court Judge